# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| XUAN-KHA PHAM,<br><br>    Plaintiff,<br><br> v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>    Defendant. | No. 1:22-cv-481 (PTG/JFA) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Local Rule 7(F)(1), Defendant Central Intelligence Agency ("CIA"), through its undersigned counsel, hereby respectfully submits the instant memorandum of law in support of its motion to dismiss in the above-captioned action.

## INTRODUCTION

Plaintiff Xuan-Kha Pham brings this *pro se* Complaint against the CIA under two federal criminal statutes, claiming that the agency has employed metaphysical processes to detain and torture him for several decades. Plaintiff's claims are neither plausible nor cognizable. Accordingly, Defendant respectfully asks this Court to dismiss Plaintiff's Complaint, with prejudice, for lack of jurisdiction and failure to plead a claim.

## BACKGROUND

From a liberal reading of his Complaint, Plaintiff appears to assert civil claims against the CIA under two federal criminal statutes: 18 U.S.C. § 241 (Conspiracy against rights), and 18 U.S.C. § 242 (Deprivation of rights under color of law). Compl. at 3, Dkt. 1. In support of these claims, he asserts that the Agency has "wrongfully imprison[ed] [him] in a lower perspective based

on physics called the book world since 1975," and that it has "brutally tortur[ed] [him] with a degenerating disability consistently since 1988 till the present from the fourth dimension." *Id.* at 4. As relief, Plaintiff seeks "to be cured and returned to normal condition by a digital technology" and awarded $29,000,000 in damages for his "extreme suffering and losses." *Id.*

## **LEGAL STANDARDS**

### A. Federal Rule of Civil Procedure 12(b)(1).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) is the appropriate means by which to challenge the court's subject matter jurisdiction in a particular matter. *See, e.g.*, *Coulter v. United States*, 256 F. Supp. 2d 484, 486 n.3 (E.D. Va. 2003), *aff'd*, 90 F. App'x 60 (4th Cir. 2004). Plaintiff bears the burden of establishing this Court's jurisdiction to adjudicate his claims, and although the Court must consider the allegations contained within the four corners of the plaintiff's complaint in determining whether it possesses jurisdiction over this matter, it may also consider other evidence outside the pleadings, if necessary. *See Richmond, Fredericksburg, & Potomac R.R. Corp. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Coulter*, 256 F. Supp. 2d at 486 n.3.

### B. Federal Rule of Civil Procedure 12(b)(6).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) serves to test the legal sufficiency of the plaintiff's complaint in relation to the factual averments he or she puts forward. A complaint is subject to dismissal if it fails to allege facts that state a plausible claim for relief rising "above the speculative level." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678. Legal conclusions,

"naked assertions devoid of further factual enhancement," and "a formulaic recitation of the elements of a cause of action" are legally insufficient to state a plausible claim. *Id.*; *Twombly*, 550 U.S. at 555.

While it is true that the Court must "liberally construe a *pro se* litigant's complaint," *Laber v. U.S. Dep't of Defense*, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021) (quoting *Laber v. Harvey*, 438 F.3d 404, 413, n.3 (4th Cir. 2006)), the liberal pleading standard does not "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Id.* (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

## ARGUMENT

### I. The Court Lacks Jurisdiction Over Plaintiff's Claims.

The Supreme Court has long held that the federal courts lack jurisdiction to entertain a civil action "where [] a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 681–82 (1946); *see also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (holding that dismissal on jurisdictional grounds is appropriate when a claim is "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy"). "Examples of essentially fictitious claims are 'bizarre conspiracy theories,' 'fantastic government manipulations of [one's] will or mind,' and 'any sort of supernatural intervention.'" *Carone-Ferdinand v. Central Intelligence Agency*, 131 F. Supp. 2d 232, 234 (D.D.C. 2001) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

Plaintiff's claims fit that bill. He alleges that the CIA has imprisoned him for over forty years "in a lower perspective" using a type of "physics" known as "the book world," and for nearly as long has been torturing him with "a degenerating disability" "from the fourth dimension." Compl. at 4. Courts have routinely found that they lack jurisdiction to adjudicate such facially

implausible claims. *See Toks Banc Corp. v. United Nations*, 2021 WL 2546755, at *2 (E.D. Va. June 9, 2021) (dismissing suit claiming that COVID-19 is a criminal hoax as "a series of fantastical ramblings and frivolous statements" (citation omitted)); *Keeler v. City of Newport News*, 2013 WL 12155728, at *2 (E.D. Va. Feb. 19, 2013) (dismissing suit as "a fantastic and wholly implausible scenario" where plaintiff claimed that police were, *inter alia*, targeting her with lasers and monitoring technology to torture her and communicate directly into her mind); *Smith v. Winfrey*, 2010 WL 6797341, at *2 (E.D. Va. May 18, 2010) (dismissing suit as "incoherent and delusional" where plaintiff claimed that Oprah Winfrey sent him messages through her television show); *O'Brien v. U.S. Dep't of Justice*, 927 F. Supp. 382, 384–85 (D. Az. 1995) (dismissing suit where plaintiff claimed that various celebrities and politicians installed "hi-tech satellite" equipment on her telephone lines to abuse and injure her). The same result should follow here.

## II. Plaintiff Has Not Pled a Cognizable Claim.

Even if the Court were to exercise jurisdiction here, "[t]t is well established that there is no private right of action to pursue [civil] claims under federal criminal statutes." *Robertson v. Foster*, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) (dismissing plaintiff's claims under 18 U.S.C. §§ 241 and 242). In his Complaint, Plaintiff cites 18 U.S.C. §§ 241 and 242 as the sole bases for federal jurisdiction, appearing to bring his claims under these federal criminal statutes. But neither statute provides him with a private right of action. *See Capps v. Long*, 2021 WL 4843568, at *2 (4th Cir. Oct. 18, 2021) ("Sections 241 and 242 of Title 18 of the United States Code, however, are federal criminal statutes, and [plaintiff] has not shown that these statutes give rise to civil liability or authorize a private right of action."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed [plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [plaintiff] has no private right of action under either of these criminal

statutes."); *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) ("[D]efendants argue correctly that plaintiffs' reliance on 18 U.S.C. § 241 and § 242 as the jurisdictional basis of their claim . . . fails as a matter of law since those federal criminal statutes do not create a private right of action."); *Alexander v. Hendrix*, 2015 WL 3464145, at *3 (D. Md. May 29, 2015) (finding no private cause of action for statutes that are "criminal in nature").

As Plaintiff cannot bring a private right of action under either federal criminal statute he has invoked, his claims merit dismissal on this alternative ground.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's civil action in its entirety with prejudice.

Dated: March, 27, 2023          Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:     /s/
CAROLYN M. WESNOUSKY
Assistant United States Attorney
2100 Jamieson Avenue
Office of the United States Attorney
Alexandria, Virginia 22314
Telephone: (703) 299-3996
Email: carolyn.wesnousky@usdoj.gov

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and caused a copy to be served by first-class mail on the following *pro se* plaintiff:

Xuan-Kha Pham
12903 Point Pleasant Drive
Fairfax, VA 22033

/s/
CAROLYN M. WESNOUSKY
Assistant United States Attorney
2100 Jamieson Avenue
Office of the United States Attorney
Alexandria, Virginia 22314
Telephone: (703) 299-3996
Email: carolyn.wesnousky@usdoj.gov

*Counsel for Defendant*