IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| XUAN-KHA PHAM, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00481 (PTG/JFA) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| *Defendant*. ) | |

### ORDER

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 9. Plaintiff, who is proceeding *pro se*, brings this action under two federal criminal statutes: (1) 18 U.S.C. § 241, alleging a conspiracy against his rights; and (2) 18 U.S.C. § 242, alleging deprivation of his right under color of law. Dkt. 1 ("Compl.") at 3. Specifically, Plaintiff alleges that Defendant has "brutally tortur[ed] [Plaintiff] . . . from the fourth dimension" for over three decades. *Id.* at 4. On March 27, 2023, Defendant moved to dismiss this action, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has failed to state a claim under either of the identified federal criminal statutes. Dkt. 10 at 3–5. On April 13, 2023, the Court provided Plaintiff with the required notices pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 390 (4th Cir. 1975). Dkt. 12. Plaintiff was entitled to file a response opposing Defendant's Motion to Dismiss on or before May 4, 2023, which Plaintiff failed to do. *Id.* at 1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss, Dkt. 9.

Plaintiff alleges violations of two federal criminal statutes due to Defendant's "wrongful[] imprison[ment] [of Plaintiff] in a lower perspective based on physics called the book world since

1975." Compl. at 3–4. Plaintiff alleges that Defendant, the Central Intelligence Agency, has "brutally tortur[ed] [Plaintiff] with a degenerating disability consistently since 1988 . . . from the fourth dimension." *Id.* at 4. Plaintiff states that he is "entitled to be cured and returned to normal condition by a digital technology" and compensated for "extreme suffering and losses" in the amount of $29 million. *Id.*

## Legal Standard

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1), Plaintiff must establish the Court's subject matter jurisdiction to adjudicate his claims. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In resolving a subject matter jurisdiction challenge, the court considers the plaintiff's allegations as "mere evidence on the issue[.]" *Id.* The moving party shall prevail "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* "In other words, courts may dismiss the case where the 'undisputed facts establish a lack of subject matter jurisdiction.'" *Coulter v. United States*, 256 F. Supp. 2d 484, 486 n.3 (E.D. Va. 2003) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768)), *aff'd*, 90 F. App'x 60 (4th Cir. 2004).

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston*

*Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (alteration in original) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).

As Plaintiff is proceeding *pro se*, the Court is bound to liberally construe his pleadings. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). That being said, *pro se* pleadings are still obligated to "clear the modest hurdle of stating a plausible claim showing entitlement to relief." *Green v. Sessions*, No. 1:17-cv-01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

<u>Subject Matter Jurisdiction</u>

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous[.]'" *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (first quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); then quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); and then quoting *Hannis Distilling Co. v. City of Baltimore*, 216 U.S. 285, 288 (1910)). Courts in this district have dismissed claims for lack of subject matter jurisdiction that were "essentially fictitious" and included "bizarre conspiracy theories[.]" *Gilberti v. Pentagon*, No. 1:21-cv-00680, 2022 WL 3447162, at *2 (E.D. Va. July 14, 2022) (alteration in original) (quoting *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994)), *aff'd*, No. 22-1854, 2023 WL 2184384 (4th Cir. Feb. 23, 2023).

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims. Dkt. 10 at 3–4. Defendant is correct. Plaintiff alleges that Defendant has "wrongfully imprison[ed]" him "in a lower perspective based on physics called the book world since 1975." Compl. at 4. In addition, Plaintiff also alleges that Defendant is "guilty of brutally torturing [him] with a degenerating disability . . . since 1988 . . . from the fourth dimension." *Id.* Plaintiff does

not support his claim with any evidence, nor does he further describe Defendant's alleged conduct. Plaintiff's allegations are similar to those that other courts in this District have consistently dismissed as "essentially fictitious" and "devoid of merit" under Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Gilberti*, 2022 WL 3447162, at *2–3 (dismissing the plaintiff's claim that the defendants were "working in a Racketeering Enterprise" to "destroy [the] water supply" on his property, which would "ostensibly cure cancer and other diseases"); *Keeler v. City of Newport News*, No. 2:12cv325, 2013 WL 12155728, at *1–2 (E.D. Va. Feb. 19, 2013) (dismissing the plaintiff's claims that "law enforcement officials target[ed] her with lasers and monitoring technology" to "communicate directly with [her] mind"). Given the implausible nature of Plaintiff's claims, Plaintiff has failed to meet his burden to establish that this Court has subject matter jurisdiction, even under the less stringent standard to which *pro se* plaintiffs are held.

### Failure to State a Claim

The U.S. Supreme Court has been "reluctant to infer a private right of action from a criminal prohibition alone[.]" *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). The Fourth Circuit has followed suit. *See, e.g., Ras-Saleh: 7 Tafari: El v. Glasser and Glasser PLC*, 434 F. App'x 236, 236 (4th Cir. 2011) (per curiam) ("A private person may not initiate a criminal action in the federal courts."). Specifically with respect to 18 U.S.C. §§ 241–242, the Fourth Circuit has held that "Sections 241 and 242 of Title 18 of the United States Code . . . are federal criminal statutes, and [the plaintiff] has not shown that these statutes give rise to civil liability or authorize a private right of action." *Capps v. Long*, No. 20-6789, 2021 WL 4843568, at *2 (4th Cir. Oct. 18, 2021) (affirming dismissal under Federal Rule of Civil Procedure 12(b)(6) of civil suit invoking 18 U.S.C. §§ 241–242). District courts in the Fourth Circuit have adhered to *Capps*' rule. *See, e.g., Lattimore v. Brahmbatt*, No. 4:21-cv-00038, 2022

4

WL 16914528, at *6 (W.D. Va. Nov. 14, 2022) ("[Section] 241 does not create a private right of action that plaintiffs may pursue."); *McKenna v. Bristol Va. City Police Dep't*, No. 1:22CV00002, 2022 WL 614031, at *4 (W.D. Va. Mar. 2, 2022) (dismissing claim under 18 U.S.C. § 241 "as it fails to state any viable claim for relief").

Defendant also argues that Plaintiff's Complaint, alleging claims under 18 U.S.C. §§ 241–242, fails to state a claim. Dkt. 10 at 4–5. Defendant's argument is correct. Plaintiff does not provide any reason that would allow him to pursue a private right of action under two federal criminal statutes. Given the well-established rule that federal criminal statutes, particularly 18 U.S.C. §§ 241–242, "do not give rise to civil liability or authorize a private right of action," *Capps*, 2021 WL 4843568, at *2, dismissal with prejudice as to Plaintiff's claims under 18 U.S.C. §§ 241–242 is appropriate.

The Court finds that further amendment of the Complaint would be futile because no amendment can cure the discussed deficiencies. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice under Rule 12(b)(6) where "amendment would be futile in light of the fundamental deficiencies in [P]laintiffs' theory"); *Robertson v. Foster*, No. ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) (dismissing claims under 18 U.S.C. §§ 241–242 with prejudice because "there is no private right of action to enforce those statutes"). Thus, Plaintiff's claims are dismissed with prejudice. For the above stated reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED with prejudice**.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry

of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to close this civil action and to send a copy of this Order to Plaintiff.

Entered this 29th day of September, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

6